## Marshall v. Powers

*Wilfred F. Lorry,* for plaintiffs.

*Joseph T. Bodell* and *Ronald C. Scott,* for defendants.

WEINROTT, *J.,* October 15, 1975 — Plaintiffs instituted this cause of action for personal injuries sustained in an automobile accident on December 10, 1972. Defendant Grogan filed an answer and new matter alleging that plaintiffs had executed a release "on or about December 18, 1972." Defendant Powers filed an answer and new matter alleging that the release executed by plaintiffs releasing Grogan operated under the Joint Tortfeasor's Act also to release defendant Powers.

Plaintiffs filed a motion to strike off the new matter of both defendants, alleging that the release was obtained within 15 days of the injury and, therefore, void under 12 P.S. §1630. After argument, the new matter of both defendants was stricken, and defendant Grogan filed an appeal.

It was admitted during argument that plaintiff-wife had received treatment at the Lower Bucks

County Hospital on the day of the accident; that she suffered a fracture to the right ankle, and was put in a cast. The day of the accident was December 10, 1972, and the date of the alleged release was December 18, 1972.

It is important to note that in defendant Grogan's new matter, counsel has alleged that "on or about December 18, 1972," plaintiffs, among other things, executed the release. The same counsel at paragraph 8 of answers to request for admissions, admitted that the release was dated December 18, 1972, but adds the curious language "but the possibility of confusion and the premature nature of this request, no discovery having been completed, forbid admitting." He then signed an affidavit to that pleading that he was authorized to take the affidavit on behalf of defendant Grogan, and that he is familiar with the facts set forth in his answer to request for admissions, and that the same were true and correct to the best of his knowledge, information and belief.

The same counsel admitted in his answer to plaintiffs' motion to strike, "the allegations of paragraph 7 of defendant's answer do reflect that a release was taken within fifteen days after the accident and at a time when she was hospitalized."

Act of June 9, 1972, P.L. 326 (No. 97), 12 P.S. 1630, is as follows:

"Settlements, releases and statements of injured patients; acknowledgement required; notice

"(a) No person whose interest is or may become adverse to a person injured who is confined to a hospital or sanitarium as a patient shall, within fifteen days from the date of the occurrence causing the person's injury: (i) negotiate or attempt to negotiate a settlement with the injured patient; or

(ii) obtain or attempt to obtain a general release of liability from the injured patient; or (iii) obtain or attempt to obtain any statement, either written or oral from the injured patient for use in negotiating a settlement or obtaining a release.

"(b) . . .

"(c) Where a person is injured and confined to a hospital or sanitarium due to said injuries, no attorney, during the first fifteen days of said person's confinement, shall enter or attempt to enter into an agreement relating to compensation wholly or partly on a contingent basis with said person in connection with his injuries."

It appears, therefore, that the admission in defendant Grogan's pleading would void the release as a violation of the statute.

We believe that defense counsel has attempted to confuse the issue. The date which appears on the release is admitted—indeed, pleaded by defense counsel. The legal semantics contained in the pleadings after counsel discovered this are a revelation in themselves. In paragraph 7 of counsel's answer to request for admissions, he also admits that the insurance adjuster attempted to negotiate a settlement with plaintiff. Although the language appears that "the precise dates are not at this time *clear*," counsel came to oral argument with a very large file in which he had certain statements of the insurance adjuster available for his insepction. Defense counsel refused the court's request to make an in camera inspection of the insurance adjuster's reports, and we think counsel is guilty of acting in bad faith.

It was perfectly clear to this court that defense counsel had the information available in his file. It was he, when he filed his answer and new matter to

the complaint, who made the *initial* allegation of the date of the execution of the release. Notwithstanding defendant's admission that the release was taken during the time that plaintiff was hospitalized, we think the provisions of 12 P.S. §1630(a) would render the release void even if plaintiff were home during some part of the initial 15-day period, having been confined for a part of one day in the hospital while the leg cast was applied.

Defendant argues that plaintiff must be totally confined in the hospital for 15 days before any voiding effect takes place. We believe that defendant's argument is not sound for the simple reason that the legislature had it within its wisdom, if it so chose, to say so in black letters. The legislature, in 12 P.S. §1630(c), did exactly that.

Since the language of subsection (c) is different than (a), we presume the legislature intended a different result. It is obvious that the purpose of subsection (c) is to address itself to the practice of "ambulance chasing." It is likewise clear that if subsection (c) is violated, that any person attempting to violate such a provision would not really have an interest "adverse to the patient." Subsection (a), however, specifically addresses itself to those whose interest is adverse or who may become adverse, and we think this is the basis for the distinction. The purpose of subsection (a) was to give injured persons who may be confused, in pain, or under medication, a chance to protect themselves from anyone who had an interest adverse for a period of 15 days. It seems to us that it makes no difference whether the person is confined in the hospital for the total period of 15 days or some period less than 15 days.

When the nature of the injuries involved compel confinement in a hospital for a minimum period of time to treat serious injuries, the legislature chose a period of 15 days "from the date of the occurrence causing the person's injury," (subsection (a) as opposed to subsection (c)), "during the first fifteen days of confinement" to invoke the terms of the statute, and it seems to us that that 15-day period under subsection (a) can run whether the person is actually confined to a hospital or not, so long as there was a minimum confinement to a hospital initially.

For the above reasons, we have heretofore entered an order to strike off defendant's new matter, and have held that the execution of the release was void.